IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HERMINO VALDIVIA MENDOZA,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING, IN PART, AND ORDERING FURTHER BRIEFING REGARDING PETITIONER'S MOTION TO VACATE OR CORRECT SENTENCE, BROUGHT PURSUANT TO 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 1:05-CV-29 TS<br><br>Criminal Case No. 1:01-CR-23 TS |

Petitioner Hermino Valdivia Mendoza brings this suit pursuant to a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1]  The government filed its response on December 9, 2005.  Petitioner is proceeding *pro se* in this matter and brings two claims that his Sixth Amendment rights were violated.  First, he claims that under *Blakely* the Court's findings increasing Petitioner's sentencing guidelines offense level based on admitted facts violated his rights.  Second, he claims that his right to effective counsel

---

[1] Docket No. 1 in Case No. 1:05-CV-29-TS.

1

was violated when his attorney failed to comply with his request to file a notice of appeal. The Court finds that Petitioner's arguments under *Blakely* fail to establish appropriate grounds upon which to justify relief under § 2255. The Court further finds that the record lacks sufficient evidence to rule on Petitioner's claim of ineffective assistance of counsel. Therefore, the Court denies, in part, Petitioner's § 2255 Motion and orders supplemental briefing focused solely on the inquiry as to Petitioner's claim that, despite his request, his counsel failed to file a notice of appeal.

## BACKGROUND

On November 20, 2002, Petitioner was charged in a two-count Superseding Indictment with Possession of Methamphetamine with Intent to Distribute and Possession of Firearm by Convicted Felon.[2] After an intensive intervening procedural history, including motions to suppress, sever, and dismiss, as well as an interlocutory appeal, Petitioner pleaded guilty to Count I on December 2, 2003. Thereafter, a presentence report was prepared and Defendant was sentenced on February 26, 2004, to a term of 121 months incarceration. As agreed upon by the parties in the plea agreement, Count II was dismissed. Judgment was entered on February 27, 2004, and Petitioner did not pursue a direct appeal after the imposition of the sentence. Petitioner filed the instant § 2255 Motion on March 2, 2005.

---

[2] Docket No. 27 in Case No. 1:01-CR-23-TS.

DISCUSSION

I.     STATUTE OF LIMITATIONS

In general, a prisoner may not file a § 2255 motion more than one year after his conviction becomes final.[3]  In its Response to Petitioner's Motion, the government argues that this action is untimely and should be dismissed.  The government states that judgment became final on or about September 17, 2003.  However, the docket reflects that Petitioner did not change his plea to guilty until December 2, 2003.  Judgment was entered in this case on February 27, 2004, and the instant § 2255 Motion was filed on March 2, 2005.  Given the time period allowed for a defendant to affect a direct appeal, the Court finds that Petitioner's motion was timely filed.

II.    *BLAKELY/BOOKER* ISSUES

The Petitioner alleges that his constitutional rights were violated when he pled guilty to the charges against him expecting to receive a minimum sentence of 60 months, but the Court imposed a sentence of 121 months.  This claim relies on the recent Supreme Court cases of *Blakely v. Washington*[4] and *United States v. Booker*.[5]  Essentially, Petitioner argues that the Court's findings resulting in an increase in Petitioner's sentencing guidelines offense level – based upon facts not expressly admitted by Petitioner or found by a jury beyond a reasonable doubt – were in violation of his Sixth Amendment rights.

---

[3] *See United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[4] 542 U.S. 296 (2004).

[5] 543 U.S. 220 (2005).

3

Petitioner's argument fails because, simply put, *Blakely* and *Booker* do not apply retroactively to cases on collateral appeal made final prior to the time those cases were decided. Further, even if the Court found that *Blakely* or *Booker* applied to this collateral appeal, the Court would find that these cases are inapposite here and would not afford Petitioner the relief sought, as there was no Sixth Amendment violation in this case, and the sentence imposed was reasonable. The Tenth Circuit has explained that "[a] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive."[6] The Supreme Court in *Booker* explicitly held that it applied "to all cases on direct review."[7]

The Tenth Circuit has specifically considered the present issue and ruled squarely: "we hold that *Blakely does not apply retroactively* to convictions that were already final at the time the Court decided *Blakely*, June 24, 2004."[8] The Tenth Circuit has further held that "the rule announced in *Booker* is not retroactive."[9] Because Petitioner's conviction was clearly final by June 24, 2004, the Court finds that neither *Blakely* nor *Booker* apply retroactively to this case.

III.   SUPPLEMENTAL BRIEFING

In support of his § 2255 Motion, Petitioner argues that his "Sixth Amendment rights [sic] to effective assistance of counsel was violated based upon deficient actions of Mr. Hamilton in

---

[6] *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

[7] 125 S.Ct. at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[8] *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (emphasis added).

[9] *United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005) ("like *Blakely*, *Booker* does not apply retroactively on collateral review.").

not filing a direct appeal in this case"[10] and, further, that "counsel's actions were deficient based upon counsel's advice to the Petitioner in entering a plea of guilty and for failure to file a notice of appeal and direct appeal in this case."[11] Petitioner's claim of ineffective assistance of counsel alleges two separate errors: 1) deficient advice to the Petitioner in entering a plea of guilty and 2) failure to file an appeal despite Petitioner's request.[12]

The government responded by asserting that it "cannot respond to defendant's allegations of ineffective assistance of counsel as defendant has named Ben Hamilton as the attorney who represented him at sentencing and on appeal. Mr. Hamilton did not represent defendant at sentencing or on appeal."[13] However, the docket reflects that Mr. Hamilton was, indeed, appointed to represent Petitioner beginning on August 8, 2003, and did so through the plea and sentencing portions of this case through the entry of judgment on February 27, 2004.[14] Therefore, the Court requires further briefing, from the government in particular, before it can appropriately rule on this matter.

Specifically, the Court directs the government to file a supplemental brief responding to Petitioner's ineffective assistance of counsel claim, and specifically addressing the following issues:

---

[10] Docket No. 1 in Case No. 1:05-CV-29-TS, at 5.

[11] *Id.* at 6.

[12] Docket No. 2 in Case No. 1:05-CV-29-TS, at 17.

[13] Government's Response, Docket No. 5 in Case No. 1:05-CV-29-TS, at 2.

[14] The Judgment in this case also reflects the representation of Mr. Hamilton. Docket No. 166 in Case No. 1:01-CR-23-TS.

1. The government's position on whether there was, in fact, a specific request by Petitioner that counsel file a direct appeal and the legal effect of that position.[15]

2. The government's position on effectiveness of counsel in advising Petitioner regarding his plea and the legal effect of that position.

The Court requires no further briefing on the *Blakely/Booker* issue.

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1) is DENIED, in part, as to the grounds under *Blakely/Booker*. It is further

ORDERED that the government file a supplemental brief on the issues outlined above by May 5, 2006, and that Petitioner has until June 9, 2006, to file a discretionary reply.

SO ORDERED.

DATED this 10th day of April, 2006.

BY THE COURT:

TED STEWART
United States District Judge

---

[15] *See Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).