IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| HERMIO VALDIVIA MENDOZA,<br><br>        Petitioner,<br><br><br><br><br>                vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br><br><br><br>Case No. 1:05-CV-00029 TS<br><br>Criminal Case No. 1:01-CR-00023 TS |

        This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct his

Federal Sentence, pursuant to 28 U.S.C. § 2255.  The Court previously issued a ruling on April

10, 2006, denying Petitioner's first § 2255 claim - that under *Blakely/Booker,* the Court's

findings increasing his sentencing guidelines offense level based on admitted facts violated his

rights.  In the same ruling, the Court ordered that the government file a supplemental brief

regarding Petitioner's second claim - namely, that his right to effective assistance of counsel was

violated when his attorney failed to comply with Petitioner's alleged request to file a notice of

appeal.  The Court, having reviewed the Motion and pleadings, having reviewed the file, and

being otherwise fully informed, will deny Petitioner's second § 2255 claim, thereby completing

denial of his Motion and dismissing the case.

BACKGROUND

On November 20, 2002, Petitioner was charged in a two-count Superseding Indictment

with Possession of Methamphetamine with Intent to Distribute and Possession of a Firearm by a

Convicted Felon.[1]  After an extensive intervening procedural history, including motions to

suppress, sever, and dismiss, as well as an interlocutory appeal, Petitioner pleaded guilty –

pursuant to Fed. R. Crim. P. 11(c)(1)(C) – to Count I on December 2, 2003.  Thereafter, a

presentence report was prepared and Petitioner was sentenced on February 26, 2004, to a term of

121 months incarceration.  As agreed upon by the parties in the plea agreement, Count II was

dismissed.

Judgment was entered on February 27, 2004, and Petitioner did not pursue a direct appeal

after the imposition of his sentence.  Petitioner filed the instant § 2255 Motion on March 2, 2005.

As discussed in the April 10, 2006 Order, Petitioner's motion was timely filed pursuant to the

one-year limitation period set forth in § 2255 (1).

DISCUSSION

In support of his § 2255 Motion, Petitioner argues that his "Sixth Amendment rights [sic]

to effective assistance of counsel was violated based upon deficient actions of Mr. Hamilton in

not filing a direct appeal in this case"[2] and, further, that "counsel's actions were deficient based

---

[1]Docket No. 27 in Case No. 1:01-CR-00023 TS.

[2]Docket No. 1 in Case No. 1:05-CV-00029 TS at 5.

upon counsel's advice to the Petitioner in entering a plea of guilty and for failure to file a notice of appeal and direct appeal in this case."[3]  Petitioner's claim of ineffective assistance of counsel alleges two separate errors: 1) deficient advice to the Petitioner in entering a plea of guilty; and 2) failure to file an appeal despite Petitioner's request.[4]

I.   <u>APPEAL WAIVER</u>.

The government, in its Supplemental Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence, asserts that Petitioner "waived his right to challenge his sentence in any collateral review motion, including any motion brought under 18 U.S.C. § 2255"[5] in his written Statement by Defendant in Advance of Plea of Guilty (hereinafter "plea agreement").[6]  In that December 2, 2003 plea agreement, Petitioner waived both his direct and collateral appeal rights as follows:

> (c)  Fully understanding my right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in paragraph 13(a) of this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal and sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, <u>except</u> I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, and (2) an upward departure from the final Sentencing Guidelines range determined by the Court.

> (d)   I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral

---

[3]*Id*. at 6.

[4]Docket No. 2 in Case No. 1:05-CV-00029 TS at 17.

[5]Docket No. 10 in Case No. 1:05-CV-00029 TS at 3.

[6]*Id*. Ex. A; Docket No. 161 in Case No. 1:01-CR-00023 TS.

review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.[7]

In exchange for Petitioner's plea of guilty and the waiver of his direct and collateral appeal rights, the government agreed to: 1) recommend a reduction for acceptance of responsibility; and 2) recommend that a two-level enhancement for possession of a firearm should not be applied.[8]  Further, Petitioner and the government agreed that the appropriate sentence was 121 months, based on Petitioner's base level offense of 32 and a criminal history of a category III, and no higher than a category IV.  The 121-month agreement was made pursuant to Fed. R. Crim. P. 11(c)(1)(C).[9]

A.    Legal Standard.

The Tenth Circuit has established a three-part test to interpret appeal waivers, based upon contract principles.[10]  The Court is to consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[11]  The Tenth Circuit further clarified that a court is to "strictly construe the scope of appellate waivers and 'any ambiguities in these agreements are read against the Government and

---

[7]*Id*. at 4.

[8]*Id*. at 6.

[9]*Id*.

[10]*United States v. Hahn*, 359 F.3d 1315, 1324-25 (10th Cir. 2004) (*en banc*) ("[C]ontract principles govern plea agreements.").

[11]*United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (quoting *Hahn*, 359 F.3d at 1325).

in favor of a defendant's appellate rights.'"[12]  Moreover, the Court is to "hold a defendant to the terms of a lawful plea agreement."[13]  Therefore, with these principles in mind, the Court proceeds with its analysis.

        1.    *Scope of appeal waiver.*

As noted above, Petitioner signed a broad waiver of appellate rights, which included the waiver of his "right to challenge [his] sentence, and the manner in which [it] is determined, in any collateral review motion . . . under Title 28, United States Code, Section 2255."[14]  The waiver contained only two exceptions: "1) a sentence above the maximum penalty provided in the statute of conviction, and (2) an upward departure from the final Sentencing Guideline range determined by the court."[15]

Not only does this language provide for a clear, express waiver of collateral appeal rights, it also references the exact statutory provision under which this action is brought – § 2255.  The Court detects no ambiguity whatsoever in the language.

As stated above, in support of his § 2255 Motion, Petitioner argues his "Sixth Amendment rights [sic] to effective assistance of counsel was violated based upon deficient actions of Mr. Hamilton in not filing a direct appeal in this case"[16] and, further, that "counsel's

---

[12]*Id.*

[13]*United States v. Atterberry*, 144 F.3d 1299 (10th Cir. 1998).

[14]Docket No. 161 in Case No. 1:01-CR-00023 TS at 4.

[15]*Id.*

[16]Docket No. 1 in Case No. 1:05-CV-00029 TS at 5.

actions were deficient based upon counsel's advice to the Petitioner in entering a plea of guilty and for failure to file a notice of appeal and direct appeal in this case."[17]  As noted above, Petitioner's claim of ineffective assistance of counsel alleges two separate errors: 1) deficient advice to the Petitioner in entering a plea of guilty; and 2) failure to file an appeal despite Petitioner's request.

>    2.    *Knowing and voluntary waiver.*

The Tenth Circuit has held that it will "only enforce appeal waivers that defendants enter into knowingly and voluntarily."[18]  In determining whether an appellate waiver is knowing and voluntary, the Court looks to two factors: 1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily,"[19] and 2) whether there was "an adequate Federal Rule of Criminal Procedure 11 colloquy."[20]  Further, the Supreme Court has stated that "the law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances – even though the defendant may now know the *specific detailed* consequences of invoking it."[21]

---

[17]*Id*. at 6.

[18]*Hahn*, 359 F.3d at 1328 (citing *United States v. Elliot*, 264 F.3d 1171, 1173 (10th Cir. 2001)).

[19]*Id.* at 1325 (citing *Elliot*, 264 F.3d at 1174 n.1) ("Indeed, the plea agreement, which he signed, stated that [the defendant] 'knowingly and voluntarily waive[d] the right' to appeal.").

[20]*Id.* (internal citations omitted).

[21]*United States v. Ruiz*, 536 U.S. 622, 629-30 (2002) (emphasis in original).

First, the Court finds that the language of the plea agreement at issue here expressly states that Petitioner entered into the agreement knowingly and voluntarily.  The language of the appeal waiver states that "[f]ully understanding my right to appeal my sentence, . . . I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined" and further that "I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255."[22]

Next, the Court finds that there was an adequate Rule 11 colloquy conducted on the record between the Court and Petitioner.[23]  Fed. R. Crim. P. Rule 11 establishes certain procedures for the entry of a plea of guilty, and requires the Court to conduct a colloquy directly with the defendant to ensure that, among other things, a plea agreement and resulting plea are entered into voluntarily and knowingly by a defendant.  When Petitioner entered into his plea of guilty on December 2, 2003, the Court entered into such a colloquy with Petitioner, on the record.  The Court began by explaining to Petitioner that the Court had the responsibility of ascertaining that any plea was entered into freely and voluntarily, and inquired of Petitioner whether he had read the plea agreement, discussed it with his attorney, and whether he understood it.  Petitioner responded affirmatively.  After both counsel summarized the terms of the plea agreement for the record, Petitioner confirmed that nothing had been left out of the

---

[22]Docket No. 10 in Case No. 1:05-CV-00029 TS, Ex. A at 4.

[23]*Id*. at 6.

agreement and that he had no questions about the agreement.  The Court then confirmed with

Petitioner directly that no one had offered him any inducements or threatened or forced him to

plead guilty or to enter into the plea agreement.  The Court concluded that Petitioner knew his

rights and had waived them, that Petitioner had entered his plea *knowingly and voluntarily*, and

that the plea was supported by an independent basis in fact containing each of the essential

elements of the offense.  The Court then provisionally accepted Petitioner's plea of guilty,

pursuant to applicable procedures under a Rule 11(c)(1)(C) plea.[24]

Further, in the written plea agreement, Petitioner signed his name beneath the following

statements, among others:

> No threats or promises of any sort have been made to me to induce me or to persuade
> me to enter this plea. . . .  I have discussed this case and this plea with my lawyer as
> much as I wish to.  I am satisfied with my lawyer.  My decision to enter this plea was
> made after full and careful thought, with the advice of counsel, and with a full
> understanding of my rights, the facts and circumstances of the case and the
> consequences of the plea.  I was not under the influence of any drugs, medication or
> intoxicants when the decision to enter the plea was made and I am not now under the
> influence of drugs, medication or intoxicants.   I have no mental reservations
> concerning the plea.[25]

The Court notes that Petitioner bears the "burden to present evidence from the

record establishing that he did not understand the waiver."[26]  In his § 2255 Motion,

Petitioner states that he was given erroneous advice regarding the sentence that he would

receive based upon the guilty plea, and that counsel failed to file a direct appeal, even

---

[24]The guilty plea was later accepted and entered by the Court at the February 2, 2006
sentencing hearing.

[25]Docket No. 10 in Case No. 1:05-CV-00029 TS, Ex. A at 7.

[26]*United States v. Edgar*, 348 F.3d 867, 872-73 (10th Cir. 2003).

after being requested by Petitioner to do so.  At no point in Petitioner's Motion does he argue that he did not enter into the plea agreement knowingly or voluntarily.  Considering the above, the Court finds that both Petitioner's plea of guilty and his collateral appeal waiver were "knowingly and voluntarily made."

   3.   *Miscarriage of justice.*

The third prong of the appellate waiver enforcement analysis "requires the court to determine whether enforcing the waiver will result in a miscarriage of justice."[27]

> To prove that enforcement of an appellate waiver would result in a miscarriage of justice, a defendant must establish at least one of four circumstances: (1) reliance by the court upon an impermissible factor such as race in imposition of the sentence; (2) ineffective assistance of counsel in connection with the negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[28]

Petitioner bears the burden of establishing a miscarriage of justice.[29]

There is no evidence or argument before the Court that it relied upon an impermissible factor in arriving at the sentence, or that the sentence exceeds the statutory maximum, and the Court finds that neither are present in this case.  Therefore, the Court focuses on the remaining factor.

---

[27]*Hahn*, 359 F.3d at 1327 (internal citations omitted).

[28]*Porter*, 405 F.3d at 1143 (citing *Hahn*, 359 F.3d at 1327).

[29]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

The Tenth Circuit has ruled that, under some circumstances, a claim of ineffective assistance of counsel brought in the context of a § 2255 Motion may survive a valid collateral appeal waiver: "a claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement cannot be barred by the agreement itself."[30]

The *Cockerham*[31] court identified two critical components that must exist for a § 2255 ineffective assistance of counsel claim to survive a valid waiver.  "The first is whether there is any basis for a claim of ineffective assistance of counsel, and the second is whether that ineffectiveness claim pertains to the validity of the plea."[32]  The Tenth Circuit further held that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver."[33]  In *United States v. Clingman,*[34] the Tenth Circuit provided further direction:

> To prevail on his ineffective assistance claim, [Petitioner] must show that he was prejudiced by his trial counsel's allegedly deficient performance.  In the context of a guilty plea, this requires [Petitioner] to show that counsel's deficient performance "affected the outcome of *the plea process*" and "that

---

[30]*United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001) (quoting *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("[T]he right to mount a collateral attack pursuant to § 2255 survives [a waiver] only with respect to those discrete [ineffective assistance] claims which relate directly to the negotiation of the waiver.")).

[31]*Id.*

[32]*Id.* at 1187.

[33]*Id.*

[34]288 F.3d 1183, 1186 (10th Cir. 2002) (internal citations omitted).

there is a reasonable probability that, but for counsel's errors, *he would not have pleaded guilty* and would have insisted on going to trial."[35]

Only claims that "challeng[e] the validity of the plea or the waiver" itself may survive a collateral appeal waiver. "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."[36]

The Court finds that Petitioner's ineffective assistance of counsel argument in his § 2255 Motion, based on failure to file an appeal, falls outside of a challenge to the validity of the plea or waiver itself. Therefore, it is barred by the appeal waiver, and is not properly before this Court.

Petitioner's argument that counsel's actions were deficient, based upon counsel's advice to Petitioner in entering a plea of guilty, are based upon Petitioner's apparent expectation of a five-year sentence. However, such an argument carries no weight, especially in light of the fact that Petitioner knowingly and voluntarily entered into the plea agreement pursuant to Rule 11(c)(1)(C), which clearly states that a sentence of 121 months is agreed upon by Petitioner and the government. As noted, Petitioner signed the plea agreement in open court and stated that he read and understood it. Further, at no point in Petitioner's Motion or memoranda does Petitioner state or even suggest that counsel informed Petitioner he would receive a five-year sentence. Indeed, the only support Petitioner draws upon in reaching the five-year figure, is Petitioner's incorrect

---

[35]*Id.* (emphasis in original).

[36]*Id.*

application of *Blakely* and *Booker*, which was thoroughly discussed and rejected in the April 10, 2006 Order.

In any event, as Petitioner is arguably making a claim of ineffective assistance of counsel as it relates to the plea or waiver itself, the Court will address that issue on the merits.

As noted above, the Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel:[37] that "counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[38]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[39]

Aside from the dearth of argument by Petitioner on this issue, Petitioner made affirmative statements, orally and in writing, that he was satisfied with the advice and assistance of trial counsel.  In the written plea agreement, Petitioner signed his name beneath statements that: "I have discussed this case and this plea with my lawyer as much as I wish to.  I am satisfied with my lawyer."[40]  During the Rule 11 plea colloquy, in addition to Petitioner confirming that he had discussed the plea agreement with trial

[37]*Strickland v. Washington*, 466 U.S. 668 (1984).

[38]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at  690).

[39]*Strickland*, 466 U.S. at 687.

[40]Docket No. 10 in Case No. 1:05-CV-00029 TS, Ex. A at 7.

counsel, Petitioner confirmed that he was satisfied with the advice to and representation of him by counsel.[41]

Petitioner has made no meritorious argument, and nothing in the record suggests, that Petitioner's trial counsel was ineffective in the plea process and consequent waiver of appellate rights.  Therefore, the Court finds that there was no deficient functioning of counsel in the underlying criminal case.  Further, the Court finds that Petitioner was not prejudiced by counsel's performance and, in fact, he was benefitted by it.  Through his counsel's negotiation and representation, Petitioner ultimately received a sentence nearly half of the one originally faced by him,[42] and there is no evidence "that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[43]

As such, Petitioner's ineffective assistance claims fail.  Moreover, with respect to enforcement of the appeal waiver, the Court finds that there was no ineffective assistance of counsel with regard to the negotiation of the waiver.[44]  Therefore, there was no miscarriage of justice which would prevent enforcement of Petitioner's appeal waiver.[45]

The Court finds that this collateral appeal is within the scope of Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would

---

[41]*Id.*

[42]Petitioner initially faced a mandatory term of 240 months, pursuant to 21 U.S.C. § 851.

[43]*United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (internal citations omitted).

[44]*Porter*, 405 F.3d at 1143.

[45]*See Hahn*, 359 F.3d at 1327.

not result in a miscarriage of justice.  Therefore, this Court will enforce Petitioner's

collateral appeal waiver.

<u>CONCLUSION</u>

Based upon the above, it is hereby

ORDERED that Petitioner's Original § 2255 Motion (Docket No. 1 in Case No.

1:05-CV-00029 TS) is DENIED for the reasons set forth above.

The Clerk of the Court is directed to close this case forthwith.

DATED   June 19, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

14